# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **CHANG K LEE on behalf of himself and others similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| | ) | **CIVIL ACTION** |
| v. | ) ) | **FILE NO. _____** |
| **Da On, LLC, Jay Kim, Yu R Kim, and Mr. In Woo Jung,** | ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) ) ) | |

## COMPLAINT

COMES NOW Plaintiff Chang K Lee, ("Lee"), by and through his counsel, Ellen Lee of Cana Law, LLC Ellen Lee, Esq., files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 207 and 216(b), to recover overtime wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by Da On, LLC doing Korean BBQ restaurant business as Miss Gogi (hereafter referred to as "Miss Gogi") and Jay Kim, Yu R Kim, In Woo Jung, Miss Gogi's owners.

2.

This action alleges that Defendants have paid a straight rate to Plaintiff and similarly

situated employees who had similar job duties and pay provisions with Plaintiff.  Plaintiff brings this action on behalf of himself and similarly situated employees who worked for Defendants but were not paid properly in accordance with the FLSA.

3.

During the three year period preceding the filing of this action and continuing the present ("Collective Action period"), Plaintiff and similarly situated Defendants' employees who opt in to this action pursuant to the FLSA 29 U.S.C. § 216(b), allege that they were paid in an unlawful manner and are entitled to recover overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

## PARTIES

4.

Chang K Lee, the named Plaintiff in this action, is an individual who resides in the Northern District of Georgia during all relevant times.

5.

According to Miss Gogi's webpage, Miss Gogi owns and operates its restaurant at 6035 Peachtree Rd Ste C115, Atlanta, GA 30360.

6.

Defendant Da On, LLC, a Georgia limited liability company can be served by delivering a copy of summons and complaints to its attorney Marty Heller at Fisher & Phillips LLP 1075 Peachtree Street, NE Suite 3500 Atlanta, GA 30309 and/or registered agent, Yu R Kim at Miss Gogi 6035 Peachtree Rd Ste C115, Atlanta, GA 30360 or Yuki Izakaya 2205 Pleasant Hill Rd Suite 105, Duluth, GA 30096.

7.

Defendant Jay Kim, an individual at all relevant times herein, who was Defendant Da On, LLC's corporate officer with operation control of Defendant Da On, LLC, can be served by delivering a copy of summons and complaints to her at Miss Gogi 6035 Peachtree Rd Ste C115, Atlanta, GA 30360.

8.

Defendant Yu R Kim, an individual at all relevant times herein, who was Defendant Da On, LLC's corporate officer with operation control of Defendant Da On, LLC, can be served by delivering a copy of summons and complaints to her at Miss Gogi 6035 Peachtree Rd Ste C115, Atlanta, GA 30360 or Yuki Izakaya 2205 Pleasant Hill Rd Suite 105, Duluth, GA 30096.

9.

Defendant In Woo Jung, an individual at all relevant times herein, who was Defendant Da On, LLC's corporate officer with operation control of Defendant Da On, LLC, can be served by delivering a copy of summons and complaints to him at Miss Gogi 6035 Peachtree Rd Ste C115, Atlanta, GA 30360 or Yuki Izakaya 2205 Pleasant Hill Rd Suite 105, Duluth, GA 30096.

10.

Defendant Da On, LLC is and was at all times relevant to this action, "employer" within the meaning of FLSA 29 U.S.C. § 203(d).

11.

Defendant Jay Kim is and was at all times relevant to this action, "employer" within the meaning of FLSA 29 U.S.C. § 203(d).

12.

Defendant Yu R Kim is and was at all times relevant to this action, "employer" within the meaning of FLSA 29 U.S.C. § 203(d).

13.

Defendant In Woo Jung is and was at all times relevant to this action, "employer" within the meaning of FLSA 29 U.S.C. § 203(d).

14.

Defendant Jay Kim determined the rate and method of payment for Plaintiff and controlled Plaintiff's work schedules and conditions of employment while Plaintiff was employed with Defendant Da On, LLC.

15.

Defendant Yu R Kim determined the rate and method of payment for Plaintiff and controlled Plaintiff's work schedules and conditions of employment while Plaintiff was employed with Defendant Da On, LLC.

16.

Defendant In Woo Jung determined the rate and method of payment for Plaintiff and controlled Plaintiff's work schedules and conditions of employment while Plaintiff was employed with Defendant Da On, LLC.

17.

Defendant Da On, LLC. is subject to the requirements of the FLSA 29 U.S.C. § 201, *et seq*.

18.

Defendant Jay Kim is subject to the requirements of the FLSA 29 U.S.C. § 201, *et seq.*

19.

Defendant Yu R Kim is subject to the requirements of the FLSA 29 U.S.C. § 201, *et seq*.

20.

Defendant In Woo Jung is subject to the requirements of the FLSA 29 U.S.C. § 201, *et seq*.

21.

Based upon information and belief, Defendant Da On, LLC's annual gross volume of sales is not less than $500,000.00.

22.

Defendant Da On, LLC is, and was, at all times relevant to this action, an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

23.

At all times relevant to this action, Defendant Da On, LLC oversaw and had the responsibility for maintaining employment records of Plaintiff.

24.

Defendant Da On, LLC was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

25.

Defendant Jay Kim was involved in the day-to-day operation of Defendant Da On, LLC,

including, without limitation, the policies governing the company, leading and directing the work of others, and formulating and implementing plans for the company.

26.

Defendant Jay Kim exerts substantial control over Defendant Da On, LLC in compliance with the definition of "employer" under the Fair Labor Standard Act of 1938.

27.

Defendant Jay Kim has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

28.

Defendant Jay Kim controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

29.

Defendant Jay Kim determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

30.

At all times relevant to this action, Defendant Jay Kim oversaw and had the responsibility for maintaining employment records including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

31.

Defendant Jay Kim is and was at all times relevant to this action the owner of Defendant

Da On, LLC, and acted directly or indirectly as Plaintiff's employer.

32.

Defendant Jay Kim is subject to the requirements of the FLSA because she was working on behalf of Defendant Da On, LLC and exerted control over employees.

33.

Defendant Jay Kim was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

34.

Defendant Yu R Kim was involved in the day-to-day operation of Defendant Da On, LLC, including, without limitation, the policies governing the company, leading and directing the work of others, and formulating and implementing plans for the company.

35.

Defendant Yu R Kim exerts substantial control over Defendant Da On, LLC in compliance with the definition of "employer" under the Fair Labor Standard Act of 1938.

36.

Defendant Yu R Kim has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

37.

Defendant Yu R Kim controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Da On, LLC in the same

capacity as the Plaintiff.

38.

Defendant Yu R Kim determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

39.

At all times relevant to this action, Defendant Yu R Kim oversaw and had the responsibility for maintaining employment records including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

40.

Defendant Yu R Kim is and was at all times relevant to this action the owner of Defendant Da On, LLC, and acted directly or indirectly as Plaintiff's employer.

41.

Defendant Yu R Kim is subject to the requirements of the FLSA because she was working on behalf of Defendant Da On, LLC and exerted control over employees.

42.

Defendant Yu R Kim was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

43.

Defendant In Woo Jung was involved in the day-to-day operation of Defendant Da On,

LLC, including, without limitation, the policies governing the company, leading and directing the work of others, and formulating and implementing plans for the company.

44.

Defendant In Woo Jung exerts substantial control over Defendant Da On, LLC in compliance with the definition of "employer" under the Fair Labor Standard Act of 1938.

45.

Defendant In Woo Jung has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

46.

Defendant In Woo Jung controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

47.

Defendant In Woo Jung determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

48.

At all times relevant to this action, Defendant In Woo Jung oversaw and had the responsibility for maintaining employment records including, without limitation, individuals employed by Defendant Da On, LLC in the same capacity as the Plaintiff.

49.

Defendant In Woo Jung is and was at all times relevant to this action the owner of

Defendant Da On, LLC, and acted directly or indirectly as Plaintiff's employer.

50.

Defendant In Woo Jung is subject to the requirements of the FLSA because he was working on behalf of Defendant Da On, LLC and exerted control over employees.

51.

Defendant In Woo Jung was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

52.

Defendants had direct control over Plaintiff's work schedules during Plaintiff's employment with Defendants.

## JURISDICTION

53.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## VENUE

54.

Venue is proper in the Northern District of Georgia in that Defendants are residents of Georgia counties that are within this judicial District.

## FACT

55.

Plaintiff, Chang K Lee, ("Lee"), is a former employee of Defendants.

56.

Beginning on January 7, 2019 and continuing until May 27, 2019, Plaintiff was employed by Defendants at 6035 Peachtree Rd Ste C115, Atlanta, GA 30360.

57.

During relevant times hereto, Defendant Jay Kim, Yu R Kim, and In Woo Jung were Plaintiff's direct supervisors or they acted directly or indirectly in the interest of Plaintiff's employers.

58.

Throughout Plaintiff's employment with defendants, Plaintiff was employed as a cook, a chef, an assistant chef, or a kitchen staff and his primary duties included cooking and preparing food for customers.

59.

During relevant times hereto, Defendant Jay Kim had an ownership interest in Defendant Da On, LLC.

60.

During relevant times hereto, Defendant Yu R Kim had an ownership interest in Defendant Da On, LLC.

61.

During relevant times hereto, Defendant In Woo Jung had an ownership interest in Defendant Da On, LLC.

62.

During relevant times hereto, Plaintiff drove for Defendants' other employees' commute.

63.

Plaintiff was not involved in determining the overall course of business.

64.

Plaintiff did not have the authority to hire or fire Defendants' employees.

65.

Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to Defendants' matters of significance.

66.

At all times relevant to this action, Plaintiff was not exempt from the overtime pay requirements provided by the FLSA, 29 U.S.C. §§ 201 *et seq*.

**Defendants' Compensation Scheme**

67.

Defendant established following compensation scheme in violation of the FLSA.

68.

Defendants paid Plaintiff a salary in the amount of $60,000 per year from January until May 2019.

69.

At all times relevant to this action, Defendants provided Plaintiff with a housing.

70.

At all times relevant to this action, Defendants paid $1,300.00 per month for the housing provided to Plaintiff.

71.

Defendants paid Plaintiff the same monthly rate regardless of the number of hours worked in any given week.

72.

Plaintiff worked an average of seventy-eight (78) hours per workweek.

73.

Plaintiff picked up Defendants' employees at around 9:30 am.

74.

Plaintiff arrived Defendants' restaurant at 10:00 am and worked until 10:00 pm.

75.

Plaintiff drove with and dropped Defendants' employees at around 10:30 pm.

76.

During the relevant time hereto, Plaintiff worked a total of 760 hours of overtime in addition to his standard forty (40) hour workweeks.

77.

Defendants required Plaintiff to consistently work for more than forty (40) hours a workweek without overtime compensation.

78.

Defendants failed to provide Plaintiff with compensation of one and one-half times the regular rate for his work in excess of forty hours in a workweek.

79.

The end result of this compensation scheme is that the Defendants paid Plaintiff a straight rate, not one and one-half times his regular rate for any hours worked over 40 hours in a given week.

80.

Throughout Plaintiff's employment with Defendants, Plaintiff's compensation was intended to compensate forty (40) hours of work per week.

81.

Plaintiff did not agree to intend Plaintiff's compensation to compensate more than forty (40) hours of work per week.

82.

There is no agreement made between Plaintiff and Defendants regarding their intention for Plaintiff's compensation to compensate more than forty (40) hours of work per week.

**Defendant's Payroll Reporting Scheme**

83.

Defendant established following payroll reporting scheme in violation of 26 U.S.C. § 7434.

84.

Each pay period, Defendants gave some checks and some cash to all their employees, checks subject to payroll taxes, and cash not subject to payroll taxes.

85.

Each pay period, Defendants gave a check and cash to Plaintiff, the check subject to payroll taxes, and cash not subject to payroll taxes.

86.

Defendants had no reason to give both check and cash per pay period other than reducing their obligation to pay Social security and Medicare taxes.

**CLAIM FOR RELIEF**

**Count I: VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)**

87.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

88.

Plaintiff was regularly compelled to work more than forty hours per week.

89.

Under the FLSA, Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) hours per workweek.

90.

Pursuant 29 U.S.C. § 213, Plaintiff was not exempt from the overtime requirements of the FLSA.

91.

Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants merely paid Plaintiff a fixed wage regardless of the hours worked.

92.

The Defendants' unlawful acts, omissions, and practices concerning the terms,

conditions, and provisions of Plaintiff's employment violate the FLSA.

93.

As a direct result of Defendant's unlawful acts, omissions, and practices, Plaintiff suffered a loss of income of an amount to be determined at trial.

94.

The defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendants.

95.

Defendants, jointly and severally, owe the Plaintiff overtime pay for the lack of compensation for his work performed, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

96.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

**Count II: Civil Damages for Fraudulent Filing of Information Returns (26 U.S.C. § 7434)**

97.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

98.

At all times material hereto, Plaintiff has been an employee of Defendants.

99.

Pursuant to 26 U.S.C. § 3111, Defendants were required to pay 6.2 percent of the Plaintiff's wages to the United States for Old-Age, Survivors, and Disability Insurance (also known as Social Security Taxes) and 1.45 percent of the Plaintiff's wages for Hospital Insurance (also known as Medicare Taxes).

100.

Defendants violated 26 U.S.C. § 3111 because they failed to pay such Social Security and Medicare Taxes of all of Plaintiff's wages.

101.

When Defendants filed their Internal Revenue Service Form 941, Employer's Quarterly Federal Tax Returns, for the quarters ending March 30, 2019 and June 30, 2019, they omitted or understated the amount of wages paid to Plaintiff.

102.

When Defendants filed their Internal Revenue Service Form W-2 for the year ending 2019, they omitted or understated the amount of wages paid to Plaintiff.

103.

Defendants' omissions and/or understatements of Plaintiff's wages in their Form 941 and W-2 were false and fraudulent.

104.

Defendants' omissions and/or understatements of Plaintiff's wages in their Form 941 and W-2 were for their own wrongful enrichment.

105.

As consequence of Defendants' willful filing of fraudulent tax information returns,

Plaintiff is entitled to recover damages from Defendants up to an including any actual damages sustained, or in any event not less than $5,000.00 per fraudulent filing, as well as costs of litigation and reasonable attorneys' fees, pursuant to U.S.C. § 7434.

**Collective Action**

106.

This action is collectively brought pursuant to the FLSA, 29 U.S.C. §201, *et seq.* and specifically the collective action provision of the Act found at §206(b), for appropriate legal relief and to remedy violations of the wage provisions of the FLSA by Defendants which has deprived the Plaintiff, as well as other similarly situated Defendants' employees, of their lawful wages.

107.

This case is brought on behalf of only those current and former employees who are now and were employed by any of the four Defendants as their salaried kitchen managers, salaried assistant kitchen managers, salaried cook, salaried chef, salaried assistant cook, and salaried assistant chef who received straight rates, not one and one-half times their regular rates, and were requested to work over forty (40) hours in a work week.  The similarly situated employees have uniformly been paid the straight time rate for hours worked over forty (40) in a work week under the same or similar compensation scheme.  Plaintiff, and other similarly situated employees, typically worked greater than forty hours each week.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;
2. Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, F.R.

    Civ. P., TRIAL BY JURY on all claims on which a jury is available;

3. Grant certification and permit Plaintiff to proceed to trial as a collective action;

4. An order finding the Defendants violated:

    (1) sections 215(a)(2) and 216(b) of the FLSA and

    (2) 26 U.S.C. § 3111;

5. Judgement in favor of Plaintiff against Defendants, jointly and severally, for:

    (1) unpaid overtime wages in the amount to be determined under the FLSA;

    (2) liquidated damages in the amount to be determined under the FLSA;

    (3) damages under 26 U.S.C. § 7434 in the amount to be determined;

    (4) reasonable attorney fees pursuant section 216(b) of the FLSA; and

    (5) all taxable and non-taxable costs; AND

6. Such other, further and different relief as this Court deems appropriate.

This 30th day of December, 2019.

                                        Cana Law, LLC Ellen Lee, Esq.

                                        */s/Ellen Lee*
                                        Ellen Lee
                                        Georgia. Bar No. 312415
                                        3006 Clairmont Road Suite 115 Atlanta, GA 30329
                                        Telephone: 678.302.1938
                                        Fax: 404.601.1391
                                        Email: ellen@canalaw.com